**GREAT LAKES AIRLINES, INC., et al.,**
Petitioners,

v.

**CIVIL AERONAUTICS BOARD,**
Respondent.

**No. 16165.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 1, 1961.

Decided June 8, 1961.

Mr. Charles H. Older, Los Angeles, Cal., with whom Mr. Dayton M. Harrington, Washington, D. C., was on the brief, for petitioners.

Mr. O. D. Ozment, Associate Gen. Counsel, Litigations and Research, Civil Aeronautics Board, with whom Messrs. John H. Wanner, Gen. Counsel, Civil Aeronautics Board, Robert L. Toomey, Atty., Civil Aeronautics Board, and Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondent.

Mr. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, at the time the record was filed, also entered an appearance for respondent.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Petitioners belong to the class of "large irregular" or "supplemental" air carriers which have been operating since the nineteen forties under blanket exemption authority.[1] One of the peti-

---

6. Standard Acc. Ins. Co. v. United States, 1938, 302 U.S. 442, 444, 58 S.Ct. 314, 315, 82 L.Ed. 350.

1. Great Lakes Airlines v. C. A. B., 111 U.S.App.D.C. —, 294 F.2d 217; United Air Lines v. C. A. B., 1960, 108 U.S. App.D.C. 1, 278 F.2d 446, judgment va-

cated sub nom. All American Air Lines v. United Air Lines, 364 U.S. 297, 81 S.Ct. 267, 5 L.Ed.2d 89, see infra. Opinions by Judge Prettyman in those cases discuss matters involving the classification of "large irregular" carriers and make it unnecessary for us to review the problems involved. See also Large Ir-

tioners has operated since 1946, the others since 1947. In 1955, as a result of the Large Irregular Air Carrier Investigation, Docket 5132, the Civil Aeronautics Board [Board] issued its Order No. E–9744, granting new exemption authority to all irregular air carriers which had previously operated under the blanket exemption. The order was to be effective for a limited time, pending determination by the Board of certain issues raised in the investigation, such as the proper place for irregular air carriers in the over-all air transportation scheme and the qualifications of particular irregular air carriers. In American Air Lines v. C. A. B., 1956, 98 U.S.App.D.C. 348, 235 F.2d 845, this court remanded Order No. E–9744 for the Board's failure to make proper findings.

In 1959, by its Order E–13436 (which also arose from the earlier investigations), the Board dismissed the applications of petitioners (among others) for final authority to perform supplemental air service. The Board found that the carriers involved had violated provisions of the Federal Aviation Act of 1958[2] [Aviation Act] and the Board's regulations during the period they were operating under interim exemptions and thus had exhibited a lack of "compliance disposition," which disqualified them for final authority as supplemental carriers. Order No. E–13436 also granted certification to other irregular carriers.

In United Air Lines v. C. A. B., supra at note 1, this court, on the ground that the certificates which the Board issued were beyond its power, reversed that part of Order No. E–13436 granting certifications. Congress then enacted P.L. 86–661 [Act of July 14, 1960, 74 Stat. 527], which empowers the Board:

"(1) to validate for a period not to exceed twenty months * * * any temporary certificate * * * for supplemental air transportation

issued pursuant to Board Order E–13436 * * * or Board Order E–14196 * * * which certificate has not been revoked or otherwise terminated by the Board * * * and (2) to confer interim operating authority to engage in supplemental air transportation for a period not to exceed twenty months * * * upon any person or air carrier which (A) has operated in interstate air transportation as a supplemental air carrier pursuant to * * * Board Order E–9744 * * * or (B) has an application for a certificate as a supplemental air carrier pending before the Board on the date of enactment of this Act."

Subsequently, the Supreme Court, acting *per curiam*, vacated the judgment of this court in United Air Lines until such time as further legislation is enacted or P.L. 86–661 expires.

On February 24, 1961, this court affirmed that part of Order E–13436 which denied certificates to certain carriers, including the present petitioners. Great Lakes Airlines v. C. A. B., supra at note 1.

After passage of P.L. 86–661 by Congress [but before signature by the President], petitioners on July 5, 1960, filed with the Board applications for certificates such as those which the Board had granted to other applicants in Order E–13436. These applications were similar to those previously dismissed insofar as these petitioners are concerned. On motion made by its Bureau Counsel, the Board dismissed without a hearing the applications filed July 5, 1960 [Order E–16050] and later denied petitioners' petition for reconsideration [Order E–16140]. Thereupon, the petition for review was filed in this court.

Petitioners here challenge the propriety of the dismissal without a hearing of their applications of July 5, 1960. It is their position that the timing of

regular Carriers, Exemptions, 16 C.A.B. 609 (1950).

2. 72 Stat. 754, 49 U.S.C.A. § 1371 (formerly Civil Aeronautics Act of 1938, 52 Stat. 987).

the filing gives them standing under P.L. 86–661, that § 401(c) of the Aviation Act, and §§ 5, 7, 8 and 9(b) of the Administrative Procedure Act, 5 U.S.C.A. §§ 1004, 1006, 1007 and 1008(b), expressly guarantee to them an adjudicatory hearing. The Board contends that P.L. 86–661 was remedial and was not intended to apply to carriers whose applications had already been dismissed by the Board. The Board further contends that P.L. 86–661 makes no guarantee of an administrative hearing.

Petitioners' applications were for certificates under § 401(a) of the Aviation Act, and those applications were dismissed. P.L. 86–661 authorizes the Board to do two things: (1) to validate for a limited time any temporary certificate issued pursuant to Board Order E–13436 or Order E–14196; and (2) to confer interim operating authority for supplemental air transportation, for a limited time, upon any air carrier which had operated pursuant to Order E–9744 or had an application for a certificate pending before the Board on the date of the Act. These petitioners do not come within the first mentioned authorization of the Act, because they did not have certificates to be validated. Whatever status they may assert derives from the second described authority, for interim operating authority as opposed to certificates.

Interim operating authority is not issued pursuant to § 401(a), which is the section of the Aviation Act dealing with certificates. Therefore, the hearing provisions of § 401(c), which apply to applications under § 401(a), do not apply to this case. Hence, we think that P.L. 86–661 did not confer upon petitioners any right to a hearing under § 401(c). We further note that P.L. 86–661 merely "empowers" the Board; it does not direct or require the Board to exercise either authority conferred upon it. Assuming that petitioners' applications for certificates may be treated as applications for interim operating authority, and assuming, without deciding, that petitioners are correct in their contention that P.L. 86–661 empowers the Board to grant their applications, we find no requirement that an administrative hearing be conducted.

When the applications of July 5, 1960 were filed, petitioners had already had a full-scale hearing on virtually identical applications and the Board's dismissal of those applications was reviewed and affirmed by this court. When one hearing has been held, we think it is within the discretion of the administrative body to decide not to hold additional hearings upon immediate re-filings of applications which have been dismissed. We know of nothing brought to the Board's attention, either in the July 5, 1960 applications or in the petition for reconsideration of the order dismissing those applications, which reasonably suggests the possibility of a different decision within the discretion of the Board following further hearings. We find no abuse of the Board's discretion.

The order of the Board is

Affirmed.